| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Wylie S Rogers** <br> First Name   Middle Name   Last Name | Social Security number or ITIN **xxx–xx–5528** <br> EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | **Leah J Rogers** <br> First Name   Middle Name   Last Name | Social Security number or ITIN **xxx–xx–2406** <br> EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court **Northern District of Illinois** | | |
| Case number: **16–20862** | | |

# Order of Discharge                                                                12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

   Wylie S Rogers                                   Leah J Rogers

   If the trustee has filed and served a notice pursuant to Bankruptcy Rule 3002.1(f), and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.

   August 24, 2017                            **For the court:**   Jeffrey P. Allsteadt, Clerk
                                                                   United States Bankruptcy Court

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                  Case No. 16-20862-TAB
Wylie S Rogers                                                          Chapter 13
Leah J Rogers
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: arodarte          Page 1 of 1          Date Rcvd: Aug 24, 2017
                              Form ID: 3180W          Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 26, 2017.
db/jdb         +Wylie S Rogers,    Leah J Rogers,    6815 S .Chappel Ave.,    Chicago, IL 60649-1606
24691841       +BAYVIEW LOAN SERVICING, LLC,    c/o MRPierce, LLC,    d/b/a McCalla Raymer Pier,
                 Bankruptcy Department,    1 N Dearborn, Suite 1300,    Chicago, IL 60602-4321
24658154       +Equifax Information Services, LLC,    Po Box 740241,    Atlanta, GA 30374-0241
24658153        Equifax Information Services, LLC,    1550 Peachtree St. NW,    Atlanta, GA 30309
24658156       +Experian Information Solutions, Inc.,    Po Box 4500,    Allen, TX 75013-1311
24658155       +Experian Information Solutions, Inc.,    475 Anton Blvd.,    Costa Mesa, CA 92626-7037
24658157       +Peoples Gas,    200 E. Randolph St.,    20th Floor,    Chicago, IL 60601-6431
24658158       +State of Illinois: Department of Revenue,    Po Box 19006,    Springfield, IL 62794-9006
24658159       +TransUnion LLC,    Po Box 2000,    Chester, PA 19022-2000

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
24658152       +E-mail/Text: bkmailbayview@bayviewloanservicing.com Aug 25 2017 00:34:07
                 Bayview Loan Servicing, LLC,    Bankruptcy Dept.,    4425 Ponce De Leon Blvd., 5th Floor,
                 Miami, FL 33146-1837
24687579        EDI: WFFC.COM Aug 25 2017 00:03:00      Wells Fargo Bank, N.A.,    Default Document Processing,
                 MAC N9286-01Y,    1000 Blue Gentian Road,    Eagan, MN 55121-7700
24658160       +EDI: WFFC.COM Aug 25 2017 00:03:00      Wells Fargo Home Mortgage,
                 Written Correspondence Resolutions,    Mac#X2302-04e Po Box 10335,    Des Moines, IA 50306-0335
                                                                                              TOTAL: 3

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 26, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 24, 2017 at the address(es) listed below:
              Andrew J Nelson    on behalf of Creditor   BAYVIEW LOAN SERVICING, LLC anelson@atty-pierce.com,
               northerndistrict@atty-pierce.com
              James J Haller    on behalf of Debtor 1 Wylie S Rogers jhaller@sulaimanlaw.com,
               courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ecfnotice@sulaimanlaw.com;sulaiman.igotnotices@g
               mail.com;bkecf_sulaiman@bkexpress.info;r46351@notify.bestcase.com
              James J Haller    on behalf of Debtor 2 Leah J Rogers jhaller@sulaimanlaw.com,
               courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ecfnotice@sulaimanlaw.com;sulaiman.igotnotices@g
               mail.com;bkecf_sulaiman@bkexpress.info;r46351@notify.bestcase.com
              Joel P Fonferko    on behalf of Creditor   WELLS FARGO BANK, N.A. ND-One@il.cslegal.com
              Joseph S Davidson    on behalf of Debtor 2 Leah J Rogers jdavidson@sulaimanlaw.com,
               courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ecfnotice@sulaimanlaw.com;sulaiman.igotnotices@g
               mail.com;bkecf_sulaiman@bkexpress.info;r46351@notify.bestcase.com
              Joseph S Davidson    on behalf of Debtor 1 Wylie S Rogers jdavidson@sulaimanlaw.com,
               courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ecfnotice@sulaimanlaw.com;sulaiman.igotnotices@g
               mail.com;bkecf_sulaiman@bkexpress.info;r46351@notify.bestcase.com
              Kinnera  Bhoopal    on behalf of Creditor   BAYVIEW LOAN SERVICING, LLC kinnera.bhoopal@mccalla.com
              Kinnera  Bhoopal    on behalf of Creditor   Bayview Loan Servicing, LLC kinnera.bhoopal@mccalla.com
              Marilyn O Marshall    courtdocs@chi13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Peter C Bastianen    on behalf of Creditor   WELLS FARGO BANK, N.A. ND-Four@il.cslegal.com
              Ronald J. Kapustka    on behalf of Creditor   Oglesby Homes Building NFP ndaily@ksnlaw.com,
               bankruptcy@ksnlaw.com
                                                                                              TOTAL: 12